UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LAURICE WILLIAMS #252766,

      Plaintiff,                               Hon. Janet T. Neff

v.                                              Case No. 1:17-cv-130

WILLIE SMITH, et al.,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendants' Motion for Partial Summary Judgment</u>. (ECF No. 15). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted in part and denied as moot in part**.


## BACKGROUND

Plaintiff initiated this action on February 9, 2017, against Warden Willie Smith, Deputy Warden John Christiansen, Mental Health Unit Chief David Maranka, Psychologist Meghan Jansen, and Psychologist Kirt Dozeman. (ECF No. 1). The events giving rise to this action occurred while Plaintiff was housed at the Ionia Correctional Facility. The following allegations are contained in Plaintiff's complaint.

On June 26, 2015, Plaintiff was placed on suicide observation status after stating that he was hearing voices and contemplating suicide. While on suicide observation status, Plaintiff repeatedly stated that he was "actively searching for a razor" so that he could "cut his artery and bleed

-1-

to death." Plaintiff remained on suicide observation status for two months after which he was returned to the general prison population.

On September 4, 2015, Plaintiff reported to several prison guards that he was "hearing voices and felt suicidal." Plaintiff was immediately returned to segregation and placed on suicide observation status. Later that day, Dr. Esmaeid Emami diagnosed Plaintiff as schizoaffective and bi-polar and recommended that Plaintiff receive medication, psychotherapy, individual therapy, activity therapy, and milieu therapy. The facility's Panel Hearing Committee (PHC) subsequently adopted Dr. Emami's recommendations and ordered that such be provided to Plaintiff. Defendants, however, refused to comply with this directive. Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs. Defendants now all move for summary judgment on the ground that Plaintiff, with one exception, has failed to properly exhaust his administrative remedies.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record

contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

**I.      Defendants Smith and Christiansen**

Defendants Smith and Christiansen are both moving for summary judgment by participating in the present motion. However, on March 10, 2017, the Honorable Janet T. Neff dismissed Plaintiff's claims against Defendants Smith and Christiansen for failure to state a claim on which relief may be granted. (ECF No. 4). Accordingly, the undersigned recommends that, as to Defendants Smith and Christiansen, Defendants' motion be denied as moot.

**II.     Defendants Maranka, Jansen, and Dozeman**

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. See *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. See *Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. Id. With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as

"compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

Michigan Department of Corrections Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner is required to "attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue, unless prevented by circumstances beyond his/her control or if the issue falls within the jurisdiction of the Internal Affairs Division in Operations Support Administration." Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ P. If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance. *Id.* The Step I grievance must be submitted within five business days after attempting to resolve the matter with staff. *Id.* at ¶ V. The issues asserted in a grievance "should be stated briefly but concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R.

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. *Id.* at ¶ BB. If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III. *Id.* at ¶ FF. The Step III grievance must be submitted within ten business days

after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.*

In support of their motion, Defendants Maranka, Jansen, and Dozeman have submitted evidence that Plaintiff has pursued the following eight grievances through all three steps of the prison grievance process.

  A.  Grievance ICF-16-08-0986-26B

Plaintiff filed this grievance on August 1, 2016, alleging that prison staff refused to deliver his mail. (ECF No. 16-1 at PageID.121-25). Plaintiff makes no allegations in this matter concerning interference with his mail. Thus, this grievance does not exhaust any of Plaintiff's remaining claims.

  B.  Grievance ICF-16-07-0823-28A

Plaintiff filed this grievance on July 7, 2016, alleging that Corrections Officer Sheldon subjected him to threats of violence. (ECF No. 16-1 at PageID.126-31). As Sheldon is not a defendant in this matter, this grievance fails to exhaust any of Plaintiff's remaining claims.

  C.  Grievance ICF-16-06-0805-17I

Plaintiff filed this grievance on June 22, 2016, alleging harassment by Corrections Officer Sheldon. (ECF No. 16-1 at PageID.132-36). As Sheldon is not a defendant in this matter, this grievance fails to exhaust any of Plaintiff's remaining claims.

D.     Grievance ICF-16-04-0519-12Z

Plaintiff filed this grievance on April 14, 2016, alleging "dereliction of duty" by Kevin Towns.  (ECF No. 16-1 at PageID.137-41).  As Towns is not a defendant in this matter, this grievance fails to exhaust any of Plaintiff's remaining claims.

E.     Grievance ICF-16-04-0536-26b

Plaintiff filed this grievance on April 21, 2016, alleging retaliation by Sergeant Moull. (ECF No. 16-1 at PageID.142-48).  As Moull is not a defendant in this matter, this grievance fails to exhaust any of Plaintiff's remaining claims.

F.     Grievance ICF-16-02-0260-22a

Plaintiff filed this grievance on February 23, 2016, against Defendants Christiansen and Maranka.  (ECF No. 16-1 at PageID.149-58).  Plaintiff alleged that Defendants violated prison policy by placing him in administrative segregation while he was receiving outpatient mental health services.  The Court has already ruled that Plaintiff's claims concerning his placement in administrative segregation failed to state a claim on which relief may be granted.  (ECF No. 4 at PageID.52-55).  Accordingly, this grievance fails to exhaust any of Plaintiff's remaining claims.

G.     Grievance MBP-11-09-2463-17a

Plaintiff filed this grievance on September 17, 2011, alleging assault by Officer Lavallie.  (ECF No. 16-1 at PageID.164-67).  As Lavallie is not a defendant in this matter, this grievance fails to exhaust any of Plaintiff's remaining claims.

H.   Grievance ICF-15-11-2133-12b1

Plaintiff filed this grievance on November 12, 2015, against his "Mental Health Treatment Team." (ECF No. 16-1 at PageID.159-63). Plaintiff alleged that his Treatment Team refused to comply with an order issued by the Panel Hearing Committee providing that Plaintiff receive the treatment recommended by Dr. Emami. Defendants concede that this grievance is properly exhausted. (ECF No. 20 at PageID.214).

While this grievance does not identify the individuals that comprise Plaintiff's "Mental Health Treatment Team," the grievance was not rejected on this basis. While prison officials may have been justified in rejecting this grievance for failure to identify by name anybody against whom the grievance was asserted, they instead addressed Plaintiff's grievance on the merits at all three steps of the grievance process. Under such circumstances, Defendants cannot now rely on Plaintiff's failure to identify in his grievance the individuals against whom the grievance was asserted. *See, e.g., Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010) (where prison officials declined to enforce a grievance-related procedural requirement, such as the requirement to identify by name the individuals against whom a grievance is asserted, defendants cannot rely on the prisoner's failure to comply with the procedure in question to obtain dismissal on exhaustion grounds).

In his complaint, Plaintiff alleges that Defendants Maranka, Jansen, and Dozeman violated his Eighth Amendment rights by failing to ensure that he received the treatment ordered by the Panel Hearing Committee. These allegations correspond to the issues asserted in this particular grievance. Defendants have presented no evidence concerning the identity of the "Mental Health Treatment Team" to which Plaintiff refers. Accordingly, the Court finds that this grievance properly

exhausts Plaintiff's claims that Defendants Maranka, Jansen, and Dozeman failed to provide him the treatment ordered by the Panel Hearing Committee.

Plaintiff has not identified any additional grievances which he filed. Plaintiff does assert that he attempted to file additional grievances, but was prevented from doing so by prison staff. Plaintiff's evidence in support of this assertion is insufficient, however. In a sworn statement submitted in response to the present motion, Plaintiff states that he "made numerous requests to various different staff members, seeking assistance in obtaining and completing a grievance form. However, all such requests were repeatedly disregarded by staff." (ECF No. 19 at PageID.185). This assertion is simply too vague and nonspecific to constitute evidence sufficient to counter the evidence submitted by Defendants. *See, e.g., Amini*, 440 F.3d at 357 (non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial"); *Pack*, 434 F.3d at 813-14 (non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial").

In sum, Defendants have met their burden to establish that the only grievance which Plaintiff properly exhausted is Grievance ICF-15-11-2133-12b1. As discussed above, this grievance correlates with Plaintiff's claims that Defendants Maranka, Jansen, and Dozeman violated his Eighth Amendment rights by failing to ensure that he received the treatment ordered by the Panel Hearing Committee.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendants' Motion for Partial Summary Judgment</u>, (ECF No. 15), be **granted in part and denied as moot in**

**part**. Specifically, the undersigned recommends that the motion for summary judgment asserted by Defendants Smith and Christiansen be **denied as moot**. With respect to the motions for partial summary judgment asserted by Defendants Maranka, Jansen, and Dozeman, the undersigned recommends that such be **granted** and Plaintiff's remaining claims against these Defendants be **dismissed without prejudice** for failure to exhaust administrative remedies **save Plaintiff's claims that Defendants Maranka, Jansen, and Dozeman violated his Eighth Amendment rights by failing to ensure that he received the treatment ordered by the Panel Hearing Committee.**

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: September 19, 2017
/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge