UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAURICE WILLIAMS #252766,

                Plaintiff,                                  Hon. Janet T. Neff

v.                                                 Case No. 1:17-cv-130

WILLIE SMITH, et al.,

                Defendants.
_____/

## **REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion for Summary Judgment, (ECF No. 41), and Defendants' Motion for Summary Judgment, (ECF No. 47).  Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**, Defendants' motion be **granted**, and this action **terminated**.

## **BACKGROUND**

Plaintiff initiated this action on February 9, 2017, against Warden Willie Smith, Deputy Warden John Christiansen, Mental Health Unit Chief David Maranka, Psychologist Meghan Jansen, and Psychologist Kirt Dozeman.  (ECF No. 1).   In relevant part, Plaintiff alleges the following.

On September 4, 2015, Plaintiff was examined by Dr. Esmaeil Emami who diagnosed Plaintiff as schizoaffective and bi-polar.   The doctor recommended that Plaintiff receive medication, psychotherapy, individual therapy, activity therapy, and milieu therapy.   The facility's Panel Hearing Committee (PHC) subsequently adopted Dr. Emami's recommendations and ordered that such be provided to Plaintiff.   Defendants, however, refused to comply with this directive.

-1-

Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs.   With one exception, Plaintiff's claims were dismissed for failure to exhaust administrative remedies.   Plaintiff's sole surviving claim is that Defendants Maranka, Jansen, and Dozeman failed to provide him with appropriate medical treatment between September 16, 2015, and November 12, 2015, thereby violating his Eighth Amendment rights.   Defendants Maranka, Jansen, and Dozeman now move for summary judgment.   Plaintiff likewise moves for summary judgment.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).   A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).   Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357.   The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).   The non-moving party "may not rest upon [his]

mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations which occur during imprisonment and are not part of the sentence imposed.   *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 101-02 (1976).   Accordingly, the Eighth Amendment protects against the unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate indifference" to an inmate's "serious medical needs."   *Estelle*, 429 U.S. at 104-06; *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001).

The analysis by which a defendant's conduct is evaluated consists of two-steps.   First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious.   A "serious medical need," sufficient to implicate the Eighth Amendment, is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."   *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). If the objective test is met, the Court must then determine whether the defendant possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

In other words, the plaintiff "must present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it."   *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (citing

*Farmer*, 511 U.S. at 829, 847).

To the extent, however, that Plaintiff simply disagrees with the treatment he received, or asserts that he received negligent care, Defendants are entitled to summary judgment.  *See Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (citing *Estelle*, 429 U.S. at 105-06) ("[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *Brown v. Kashyap*, 2000 WL 1679462 at *1 (6th Cir., Nov. 1, 2000) (citing *Estelle*, 429 U.S. at 106) ("allegations of medical malpractice or negligent diagnosis and treatment" do not implicate the Eighth Amendment); *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010) (to prevail on an Eighth Amendment denial of medical treatment claim, "the inmate must show more than negligence or the misdiagnosis of an ailment"); *Robbins v. Black*, 351 Fed. Appx. 58, 62 (6th Cir., Nov. 3, 2009) ("mere negligence or malpractice is insufficient to establish an Eighth Amendment violation").

On September 4, 2015, Plaintiff was examined by Dr. Esmaeil Emami.  (ECF No. 48-2 at PageID.404-08).  Plaintiff appeared "restless" and "pac[ed] the floor nonstop."  (ECF No. 48-2 at PageID.404).  Plaintiff asserted that "he is [a] genius" who "knows everything and everything people think[]."  (ECF No. 48-2 at PageID.404).  Plaintiff reported that "he is like Jesus" because "he is being resurrected every day."  (ECF No. 48-2 at PageID.404-05).  Plaintiff reported that prison officials "want to crucify him because they cannot find fault in him."  (ECF No. 48-2 at PageID.405).  Plaintiff reported that he had received "many, many tickets" while in prison and "been in segregation and level 5 status."  (ECF No. 48-2 at PageID.405).

With respect to Plaintiff's mental status, the doctor reported that Plaintiff was anxious with "pressured and excessive" speech.  (ECF No. 48-2 at PageID.407).  Plaintiff was cooperative, but his reasoning, insight, judgment, and impulse control were all considered "poor."  (ECF No. 48-

-5-

2 at PageID.407).   Plaintiff's "thought processes show[ed] flight of ideas" and his "thought content reveal[ed] paranoia and delusions."   (ECF No. 48-2 at PageID.407).   Plaintiff did not, however, exhibit suicidal or homicidal ideation.   (ECF No. 48-2 at PageID.4047).   The doctor reported that Plaintiff was exhibiting an "enduring pattern of disturbed and antisocial behaviors" which "are markedly deviated from culturally accepted norms."   (ECF No. 48-2 at PageID.407).

Dr. Emami diagnosed Plaintiff with Schizoaffective Disorder, Bipolar Type, Cannabis Dependence, and Antisocial Personality Disorder.   (ECF No. 48-2 at PageID.407-08).   With respect to treatment, the doctor recommended the following: (1) medication (mood stabilizer); (2) individual and group psychotherapy; (3) activity therapy; and (4) milieu therapy.   (ECF No. 48-2 at PageID.408).   On September 16, 2015, the facility's Panel Hearing Committee (PHC) adopted Dr. Emami's recommendations and ordered that such be provided to Plaintiff.   (ECF No. 9-1 at PageID.84).   There does not appear to be any dispute that Defendants Maranka, Jansen, and Dozeman did not provide the precise treatment recommended by Dr. Emami.

Plaintiff argues that because the PHC issued an "order" directing that Dr. Emami's treatment plan be followed, the failure by Defendants to do so violated his Eighth Amendment rights. The Court disagrees.   The question is simply whether Defendants were deliberately indifferent to Plaintiff's need for medical treatment.   While the extent to which Defendants adhered to Dr. Emami's treatment plan is relevant, it is not dispositive.   A review of the medical evidence reveals that Plaintiff did receive adequate treatment for his impairments.   Thus, Plaintiff's claim is merely that he disagrees with Defendants' treatment decisions and judgment which cannot form the basis of an Eighth Amendment claim.

As noted above, Plaintiff's claim concerns the time period from September 16, 2015,

-6-

through November 12, 2015. The medical evidence reveals that Plaintiff received appropriate and consistent treatment during this time. (ECF No. 48-2 at PageID.409-33). Plaintiff also argues that Defendants were obligated to facilitate his transfer to a different facility because the treatment Dr. Emami recommended could not be provided at the facility where he was then located. Treatment records, however, reveal that Plaintiff has a "long history" of attempting to manipulate his care providers and circumstance for secondary gain, including obtaining transfer to a different facility of his choosing. (ECF No. 48-2 at PageID.373, 380, 382, 385, 391-93, 409-10, 412, 415, 419, 423, 425-26, 428, 430, 435). The Eighth Amendment, however, does not entitle Plaintiff to be treated at the correctional facility of his choice. The present record reveals simply that Plaintiff disagreed with Defendants' treatment decisions. Such does not violate the Eighth Amendment.

## <u>CONCLUSION</u>

For the reasons articulated herein, the undersigned recommends that <u>Plaintiff's Motion for Summary Judgment</u>, (ECF No. 41), be **denied**; <u>Defendants' Motion for Summary Judgment</u>, (ECF No. 47), be **granted**; and this action **terminated**. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Dated: July 5, 2018                                     /s/ Ellen S. Carmody                         
                                                       ELLEN S. CARMODY
                                                       U.S. Magistrate Judge