UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAURICE WILLIAMS,

    Plaintiff,

v.

WILLIE O. SMITH, et al.,

    Defendants.

_____/

Case No. 1:17-cv-130

HON. JANET T. NEFF

## OPINION AND ORDER

    This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 involving allegations of deliberate indifference to medical needs. Plaintiff filed a motion for summary judgment, arguing that Defendants denied him adequate medical/mental health treatment (Pl. Mot., ECF No. 41 at PageID.307). Defendants filed a motion for summary judgment, arguing that Plaintiff simply disagreed with treatment decisions and that Defendants were entitled to qualified immunity (Defs. Mot., ECF Nos. 47, 48 at PageID.341). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending Plaintiff's motion be denied, Defendants' motion be granted, and this action be terminated. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

The Magistrate Judge addressed Plaintiff's sole remaining claim "that Defendants Maranka, Jansen, and Dozeman failed to provide him with appropriate medical treatment between September 16, 2015, and November 12, 2015, thereby violating his Eighth Amendment rights" (R&R, ECF No. 55 at PageID.574). The Magistrate Judge found no violation of the Eighth Amendment, concluding that the "medical evidence reveals that Plaintiff received appropriate and consistent treatment during this time," and the "record reveals simply that Plaintiff disagreed with Defendants' treatment decisions" (*id.* at PageID.579).

Plaintiff advances two objections to the Report and Recommendation (Pl. Obj., ECF No.56 at PageID.581-588). First, Plaintiff argues the Magistrate Judge "mischaracterized" his claim, erroneously stating the timeframe as between "September 16, 2015, and November 12, 2015" (*id.* at PageID.582-585). Second, Plaintiff argues that this case is not about a disagreement or difference of opinion; it is only about Defendants' failure to perform their "ministerial functions" and "to comply with Dr. Emami's/the PHC's treatment plan …" (*id.* at PageID.585-588). Thus, Defendants were deliberately indifferent to his serious medical needs when they disregarded Dr. Emami's and the PHC's order, and caused "Plaintiff to suffer even longer in a suicide cell, as he continued to make suicide attempts, as a result of his mental illness" (*id.* at PageID.588).

Plaintiff's objections lack merit. First, as to the time frame, as Plaintiff acknowledges, Plaintiff filed his grievance on November 12, 2015, which defined the time period for the claim at issue. This is the appropriate time frame for purposes of the exhaustion of his claim. Thus, the Magistrate Judge's statement of the time frame at issue is not erroneous.

In any event, any limitation of time frame is not material to the disposition of this case. As the Magistrate Judge observed, the issue is whether Defendants' actions constituted a violation of the Eighth Amendment, i.e., whether Defendants were deliberately indifferent to Plaintiff's serious

medical needs (R&R, ECF No. 55 at PageID.576, 578). The Magistrate Judge properly concluded that under the governing legal principles, Defendants were not deliberately indifferent to Plaintiff's need for medical treatment: "A review of the medical evidence reveals that Plaintiff did receive adequate treatment for his impairments," which included "appropriate and consistent treatment" (*id*. at PageID.578-579). Despite Plaintiff's argument that Defendants were obligated to transfer him to a facility where the recommended treatment could be provided, the Magistrate Judge appropriately noted Plaintiff's long history of attempting to manipulate his care providers and assigned facility, and that the Eighth Amendment does not entitle Plaintiff to be treated at the facility of his choice (*id*. at PageID.579).

Second, Plaintiff's assertion that implementation of the treatment plan is a ministerial function has no bearing on the analysis and does not alter this result. As noted by the Magistrate Judge, the appropriate legal test for deliberate indifference in violation of the Eighth Amendment is set forth in *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008), and *Green v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (R&R, ECF No. 55 at PageID.576-577). To the extent Plaintiff simply disagrees with the treatment received or asserts he received negligent care, Defendants are entitled to summary judgment (*id*. at PageID.577, citing cases). Plaintiff's reliance on the analysis of executive privilege and ministerial functions in *Burks' Estate v. Ross*, 438 F.2d 230, 235 (6th Cir. 1971), is misplaced.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Plaintiff's objections and Plaintiff's motion for summary judgment are denied. Defendants' motion for summary judgment is granted. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this

3

decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 56) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 55) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 41) is DENIED.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 47) is GRANTED.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.


Dated: February 6, 2019  /s/ Janet T. Neff
JANET T. NEFF
United States District Judge